■ HAZEL S. ZULLO, Respondent, v ROBERT T. ZULLO, Defendant, and JOAN A. ZULLO, Appellant. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered September 1, 1983 in Rensselaer County, which granted plaintiff's motion for summary judgment. ¶ From February, 1973 to March, 1981, plaintiff made loans totaling $69,077.17 to her son and daughter-in-law, defendants herein. At the time her complaint demanding repayment was filed, the sum of $55,681.64 was still outstanding. Special Term granted summary judgment in favor of plaintff in this amount plus interest. Joan Zullo (defendant) appeals from that determination. ¶ Defendant's principal contention on this appeal is that plaintiff is trying to defraud her by demanding repayment. She alleges that plaintiff had forgiven these loans and that it is only because defendant and her codefendant husband are getting divorced that plaintiff brought this action for repayment, her motive being to cheat defendant out of an equitable distribution of the marital property. To support this contention, defendant cites financial statements prepared by her husband and his accountant, dated December 31, 1982, apparently as part of an application for a bank loan, in which the large indebtedness to plaintiff is not shown. Defendant argues that this is evidence that the debts in question had been forgiven by plaintiff, at least insofar as plaintiff's son was concerned. However, it is obvious that these debts could only be forgiven by plaintiff, and that statements by defendant's husband,' implying that these debts no longer existed, are not evidence of this fact. ¶ Defendant's arguments amount only to conclusory assertions of fraud which are clearly insufficient to defeat summary judgment (see *Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264). Since she has otherwise failed to present evidence which raises a triable issue of fact (CPLR 3212, subd [b]), summary judgment in favor of plaintiff was properly granted. ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.